# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3470

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Sidney Glennard Hines, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: October 4, 2010
Filed: October 6, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

After a jury found Sidney Hines guilty of several crack-cocaine-related offenses and the district court[1] imposed sentence, Hines filed this appeal in which his counsel moves to withdraw, filing a brief under Anders v. California, 386 U.S. 738 (1967). For reversal, counsel argues that the district court erred or abused its discretion by (1) overruling Hines's objection under Batson v. Kentucky, 476 U.S. 79 (1986); (2) admitting the out-of-court statements of a government witness; (3) admitting a video-recording of a controlled buy between Hines and a government informant; (4)

_____

[1]The HONORABLE JOHN A. JARVEY, United States District Judge for the Southern District of Iowa.

assessing a four-level increase for role in the offense; and (5) assessing a two-level increase for obstruction of justice. For the reasons discussed below, we reject each of these arguments.

First, the district court concluded that the government's reason for striking the lone African-American venireperson--he had worked with the husband of the attorney who was representing Hines's codefendant--was a race-neutral explanation. The court further found that there was no evidence of purposeful discrimination. These findings are not clearly erroneous, and therefore the Batson challenge fails. See United States v. Blaylock, 421 F.3d 758, 769-70 (8th Cir. 2005). Second, the district court did not abuse its discretion in allowing the out-of-court statements under Federal Rule of Evidence 801(d)(1)(B): these statements were introduced on redirect examination to rebut testimony elicited by the defense on cross-examination suggesting that the witness might have fabricated his testimony for personal gain. See United States v. Bercier, 506 F.3d 625, 629-30 (8th Cir. 2007).

Third, the district court did not abuse its discretion in finding a sufficient foundation for the recording. A detective testified as to the capabilities of the recording device, and that he had outfitted the informant with the device, had viewed the recording, and was familiar with and could identify the parties in the recording. See United States v. Oslund, 453 F.3d 1048, 1054-55 (8th Cir. 2006). Fourth, at least five persons were involved in the drug operation, Hines used the residences of some of those persons to sell drugs, and some of them sold drugs for him as well. Therefore, the district court did not clearly err in imposing a four-level aggravating-role increase under U.S.S.G. § 3B1.1(a). See United States v. Mesner, 377 F.3d 849, 851-52 (8th Cir. 2004).

Fifth, the district court did not clearly err in finding that Hines's testimony at trial was intentionally false, and assessing a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. See United States v. Denton, 434 F.3d 1104, 1114

(8th Cir. 2006). Finally, after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Hines about procedures for seeking rehearing or filing a petition for certiorari.

_____